VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        25-AP-310

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2026

Kevin Blais\* v. Town of Burke

}  APPEALED FROM:
}  Superior Court, Caledonia Unit,
}  Civil Division
}  CASE NO. 24-CV-04448
Trial Judge: Benjamin Battles

In the above-entitled cause, the Clerk will enter:

Plaintiff Kevin Blais appeals a civil division order granting summary judgment to defendant Town of Burke in this case involving the Public Records Act (PRA), 1 V.S.A. §§ 315-320.  On appeal, plaintiff argues that he properly requested public records, and the Town did not produce what was requested.  We affirm.

The following facts were undisputed for purposes of summary judgment.  On September 20, 2024, plaintiff requested from the Town "all records related to the Burke Wastewater Project" from January 1, 2023, to that date.  He also verbally requested a specific loan agreement.  Later that afternoon, the Town responded by email and supplied the loan agreement.  The email indicated that other information about the wastewater project was located on the Town website or at the Town clerk's office and instructed that if plaintiff required other documents to "please fill out a request naming the specific document that you are seeking and the Town will try to find it."

On September 21, 2024, plaintiff sent a follow-up email requesting records related to the Wastewater project of "any authorizations by the town for any individual or groups to act on behalf of the town," "[a]ll records and communications used in advancing the projects by any of [these] agents or employees," and a "breakdown of how [project] monies were spent or distributed."

On September 26, 2024, plaintiff requested records regarding "the salary, benefits and total income for all town employees and elected officials, for calendar years 2021, 2022, and 2023."  The Town responded by email and indicated that this information was in town reports on the website.  The Town's email also advised plaintiff that "[t]he documents you requested

regarding the Wastewater project are available for your review in the office during regular office hours."

On October 7, 2024, plaintiff twice visited the clerk's office and spoke to the Town Clerk regarding his requests. During the visits, he inspected and made copies of documents. The Town Clerk attempted to answer plaintiff's questions and indicated that she had provided all records she had regarding the wastewater project. Plaintiff orally requested individualized employee salary and benefit information. The Town responded that this information required review by the Town's attorney before it could be disclosed.[1] Later that day, the Town provided plaintiff with salary and benefit information by email. Plaintiff did not respond to the October 7 email or challenge the completeness of the response.

Plaintiff then filed suit in superior court alleging that he submitted public records requests to the Town regarding the wastewater project and employee wages and benefits and the requests remained "substantially unfulfilled." The Town moved to dismiss, alleging that plaintiff did not exhaust his administrative remedies because he did not first appeal any denial to the Town Administrator designated as head of the agency under the Town's policy on records requests and as required by the Public Records Act.[2] The court denied the request, concluding that it was not able to yet discern whether there were disputed facts.

After the court denied plaintiff's motion for summary judgment, the Town moved for summary judgment and submitted a statement of undisputed facts. The Town asserted that the undisputed material facts demonstrated that it provided responses to all of plaintiff's requests for records. The Town supported its motion with copies of emails and affidavits from the Town Clerk and Town Treasurer, which stated that plaintiff was provided access to public records and his requests were not denied. The Town also argued that if plaintiff deemed the responses inadequate, he was required to exhaust his administrative remedies by appealing to the Town Administrator before filing suit.

Plaintiff opposed the Town's motion, asserting that the Town orally denied his requests on September 20 and October 7, this was reflected in the audio recordings of his conversations, and the affidavits were fraudulent. He also asserted that he followed the PRA and guidance provided by the Secretary of State's Office, which he claimed indicated that a town clerk's decision was considered a final agency decision under the PRA. Although he disputed the Town's statement of undisputed facts, he did not support his factual assertions with citations to the record.

---

[1] Plaintiff recorded the conversations and submitted the audio and a transcript to the court in support of his motion for summary judgment.

[2] The PRA provides that a "denial of access by the custodian of a public record may be appealed to the head of the agency." 1 V.S.A. § 318(c)(1). A person aggrieved of an agency decision may then apply to the superior court for relief. Id. § 319(a). A person must seek agency review to properly exhaust administrative remedies before applying "to the superior court for relief." Bain v. Windham Cnty. Sheriff Keith Clark, 2012 VT 14, ¶ 11, 191 Vt. 190. "When a party fails to comply with this procedure, the superior court lacks subject matter jurisdiction over a public records act complaint and such complaint must be dismissed." Id.

The superior court concluded that the undisputed facts demonstrated that the Town provided plaintiff with documents in response to his requests and no request was denied. Although plaintiff claimed that he was orally denied records, the court noted that the transcript of the October 7 conversation revealed that the Town Clerk did not deny any request, directed plaintiff to other individuals who might have answers to his questions, and followed up later by email with information regarding salaries and benefits. The court also concluded that plaintiff failed to exhaust his administrative remedies as required by the PRA. Therefore, the court granted judgment to the Town.

On appeal, plaintiff argues that the Town failed to provide him with documents responsive to his requests. Specifically, he argues that he did not receive information about "properties undergoing easements" and that during his visit on October 7 town officials indicated that salary and benefit information was not available yet. He suggests that, with respect to the process for pursuing a PRA claim, he was entitled to rely on a document from the Secretary of State's Office that states that an elected town clerk is the head of the agency for purposes of the PRA.

In reviewing a grant of summary judgment, this Court uses the same standard as the trial court. Madden v. Omega Optical, Inc., 165 Vt. 306, 309 (1996). Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a). A nonmoving party asserting that a fact is disputed must provide citations to particular materials in the record to demonstrate the dispute. V.R.C.P. 56(c)(2); Clayton v. Unsworth, 2010 VT 84, ¶ 16, 188 Vt. 432 (explaining that nonmoving party cannot rest on allegations and must provide documentary evidence or affidavits).

Here, the undisputed facts demonstrate that the Town did not deny either of plaintiff's requests for public records. A request is deemed denied under the PRA if a custodian fails to produce the record for inspection or copying within the allowable timeframe. 1 V.S.A. § 318(a)(2). A request for records may also be expressly denied but this must be done in writing and must specify certain information including the records withheld and the statutory basis for the denial. Id. § 318(b)(2).

The undisputed facts show that the Town was responsive to both of plaintiff's requests. As to the wastewater records, the Town emailed plaintiff and indicated that the documents could be reviewed in the office. Plaintiff then visited the office and made copies of records. During a conversation with the Town Clerk, the Clerk indicated that they had provided all the wastewater information they had. Although plaintiff asserts that he was denied access to records during that conversation, he has failed to support his allegation with evidence in the record. See Burgess v. Lamoille Hous. P'ship, 2016 VT 31, ¶ 17, 201 Vt. 450 (explaining that party opposing summary judgment is "given the benefit of all reasonable doubts and inferences" but may not rely "bare allegations alone to meet the burden of demonstrating a disputed issue of fact" (quotation omitted)). As the trial court noted, the recorded conversation does not provide any instance where the Town denied a request for records.

As to the salary and benefits records, the undisputed facts show that the Town initially directed plaintiff to the Town Reports on the website and later emailed plaintiff documents regarding insurance benefits and employee salary information. On appeal, plaintiff points to a portion of the October 7 conversation he had with Town officials where he was told that salary and benefit records were being reviewed by the Town's attorney and would be available later

and claims that he has never been provided the information requested. The undisputed record shows that later on October 7 the Town sent plaintiff an email with salary and benefit information for all town officials and employees. Although plaintiff asserts that this response was insufficient, he has not supported his assertion with support in the record. The undisputed facts demonstrate that plaintiff did not respond to this email or challenge the completeness of the records.

Because the undisputed facts show that the Town did not deny plaintiff's requests for records, we do not reach the question of whether plaintiff properly exhausted his administrative remedies.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Michael P. Drescher, Associate Justice